UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VIRGIL NEWBY, *Individually and as Special Administrator of the* ESTATE OF ALICIA NEWBY, Plaintiff, v. TACO BELL OF AMERICA, INC. and YUM! BRANDS, INC., Defendants. | )))))))))))))) CAUSE NO. 1:11-CV-411 |

**OPINION AND ORDER**

This case was filed in this Court on December 7, 2011, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) In its December 14, 2011, order, the Court ordered the Plaintiff to file an Amended Complaint properly alleging the citizenship of the Defendants (Docket # 6), which the Plaintiff promptly did (Docket # 7). However, the Court overlooked the fact that the original Complaint, and now the Amended Complaint, also improperly alleged the citizenship of the Plaintiff, Virgil Newby. The Amended Complaint alleges that "Plaintiff, Virgil Newby, is a resident of Peru, Indiana." (Am. Compl. ¶ 1.)

The Amended Complaint, however, is inadequate because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

1

concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). Therefore, as citizenship does not necessarily equate with residence, *Dahlstrom v. Simon*, No. 00 C 5189, 2000 WL 1231391, at *1 (N.D. Ill. Aug. 28, 2000), alleging that Plaintiff Virgil Newby is a resident of Peru, Indiana, fails to establish his citizenship.

Accordingly, the Court must be advised of Plaintiff Virgil Newby's citizenship, not residence. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Therefore, Plaintiff is ORDERED to file a Second Amended Complaint on or before December 29, 2011, properly alleging the citizenship of Plaintiff Virgil Newby.

SO ORDERED.

Enter for this 15th day of December, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
